UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
:
JONATHAN C. ELFAND and LENORE ELFAND,   :
:
                Plaintiffs,   :
:
      -v-   :      25 Civ. 7170 (JPC)
:
CITY OF NEW YORK, *et al.*,   :      <u>ORDER</u>
:
                Defendants.   :
:
----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On August 28, 2025, *pro se* Plaintiffs Jonathan C. Elfand and Lenore Elfand filed suit against the City of New York and several other governmental defendants, raising a host of constitutional claims involving alleged searches of Plaintiffs' business, Empire Cannabis Clubs. *See* Dkt. 1.  That same day, Plaintiffs filed a proposed "Order to Show Cause for [a] Preliminary Injunction and Temporary Restraining Order," asking this Court, "[p]ending the hearing of this Order to Show Cause," to temporarily restrain and enjoin Defendants "from entering the Empire Cannabis Clubs storefront locations without warrant, conducting warrantless searches, padlocking premises, or enforcing [certain challenged state and local laws]."  Dkt. 4.  Plaintiffs further announced their "intention" to "submit notice to the Defendants of this request for a Temporary Restraining Order by way of Order to Show Cause so that all parties are fully prepared to address the matter," requesting "guidance on the proper method of service to ensure all parties receive notice while alleviating any risk of escalation or harm in the interim."  Dkt. 5 at 1-2.  In addition, Plaintiffs filed two affirmations in support of their efforts to show irreparable harm.  *See* Dkts. 6, 7.

      The Court does not find that the "stringent restrictions imposed . . . by [Federal Rule of

Civil Procedure] 65[] on the availability of *ex parte* temporary restraining orders" have been met. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438-39 (1974). For one, Plaintiffs have not "clearly show[n] that immediate and irreparable injury, loss, or damage will result . . . before [Defendants] can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). As Plaintiffs concede, they have "sought relief from state courts," filing "multiple emergency requests for temporary restraining orders and preliminary injunctions"—and yet "no court to date has enjoined the enforcement provisions at issue." Dkt. 5 at 1; *see also* Dkt. 1 at 20-21. Given "the previous judgments issued on substantially similar claims," such harm is "not apparent" to warrant *ex parte* relief. *Underwood v. Bank of Am. Corp.*, No. 25 Civ. 5007 (JPC) (SN), 2025 WL 2391331, at *1 (S.D.N.Y. Aug. 18, 2025) (citation omitted). Nor have Plaintiffs "certifie[d] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). To the contrary, Plaintiffs' "intention is to submit notice to the Defendants of this [emergency] request," such that they seek "guidance on the proper method of service to ensure all parties receive notice." Dkt. 5 at 1-2.

To that end, Plaintiffs shall promptly serve Defendants with their Complaint, request for a temporary restraining order and preliminary injunction, supporting papers, and a copy of this Order; proof of service shall be filed on the docket no later than three business days thereafter. Upon the filing of proof of service, Defendants shall have fourteen days to file their opposition; Plaintiffs shall have seven days to file any reply. The Court emphasizes that it has not ruled on the merits of Plaintiffs' emergency request, and instead simply orders notice and an opportunity for Defendants to be heard. *See Underwood*, 2025 WL 2391331, at *1.

SO ORDERED.

Dated: September 1, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge