```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                      :
JONATHAN C. ELFAND and LENORE ELFAND,                 :
                                                      :
                              Plaintiffs,             :
                                                      :
              -v-                                     :   25 Civ. 7170 (JPC)
                                                      :
CITY OF NEW YORK, et al.,                             :          ORDER
                                                      :
                              Defendants.             :
                                                      :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On September 10, 2025, this Court ordered that the "fourteen-day deadline to respond to Plaintiffs' request for emergency relief will begin once all the named Defendants have been properly served." Dkt. 28 at 4. (The named Defendants excluded Doe Officers 1-100 of the New York City Police Department and the New York City Sheriff's Enforcement Agents and Doe Attorneys 1-10 of the New York City Law Department. *See id.* at 4 n.2.) But the Court made clear that Plaintiffs were "welcome to narrow their requested emergency relief to a smaller class of Defendants who are properly served." *Id.* at 4.

That same day, Plaintiffs filed a "Supplemental Affirmation Clarifying [the] Scope of Relief," explaining that their emergency-relief request was "directed only to" the "City of New York and its agents in their official capacity" and the "State of New York and its agents in their official capacity." Dkt. 30 at 1. Liberally construing the submission of these *pro se* Plaintiffs, the Court interprets the request as applying to the City, Mayor Eric Adams in his official capacity, Sheriff Anthony Miranda in his official capacity, Commissioner of the New York City Department of Finance Preston Niblack in his official capacity, and New York City Council Member Rafael Salamanca Jr. in his official capacity (collectively "the City Defendants"); along with the State,

Governor Kathy Hochul in her official capacity, the Office of Cannabis Management ("OCM"), the Cannabis Control Board ("CCB"), OCM Executive Director Felicia Reid in her official capacity, CCB Chair Jessica Garcia in her official capacity, and Acting Commissioner of the Department of Taxation and Finance Amanda Hiller in her official capacity (collectively the "State Defendants").

The City Defendants concede that they have been properly served in their official capacities, save for Council Member Salamanca Jr., who has not yet been served at all. *See* Dkt. 27 at 1-2. Counsel for the State, however, notes that only the State has been properly served, while "additional steps are required to effect service on" the rest of the State Defendants in their official capacities. Dkt. 25 at 2 (citing N.Y. C.P.L.R. § 307(2)). Plaintiffs insist that "service upon the Attorney General of the State of New York . . . constitutes proper service on state . . . officials in their official capacities," such that "service has been completed for all state and city defendants named in their official capacities." Dkt. 29 at 1. But that insistence conflates service on the State, which "shall be made by delivering the summons to an assistant attorney-general at an office of the attorney-general," N.Y. C.P.L.R. § 307(1), with service "on a state officer sued solely in an official capacity or state agency," which shall be made either "(1) by delivering summons to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing the summons by certified mail, return receipt requested, to such officer or to the chief executive officer of such agency, and by personal service upon the state in the manner provided by [§ 307(1)]," *id.* § 307(2). Said otherwise, serving the Attorney General's Office is insufficient to properly serve the rest of the State Defendants. Yet, to date, that is all Plaintiffs have done as for those Defendants. *See* Dkt. 12 (Hiller); Dkt. 14 (CCB); Dkt. 17 (Reid); Dkt. 18 (Garcia); Dkt. 19 (Hochul); Dkt. 20 (OCM).

2

Thus, under this Court's September 10th Order and Plaintiffs' subsequent narrowing of the scope of relief, the fourteen days to respond to Plaintiffs' emergency request shall not begin until Council Member Salamanca Jr. and the rest of the State Defendants—all in their official capacities—are properly served.[1]  Plaintiffs remain free to further narrow their request for relief. *But see* Dkt. 25 at 2 (letter from the State arguing that "requiring New York to submit its own brief would be particularly futile, because New York cannot be sued in this case").

SO ORDERED.

Dated: September 11, 2025
New York, New York

JOHN P. CRONAN
United States District Judge

---

[1] Because the Court did not require service on the Doe Defendants, *see* Dkt. 28 at 4 & n.2, and the Plaintiffs no longer request emergency relief against any Defendants in their individual capacities, *see* Dkt. 30, Plaintiffs' "request" for this "Court's guidance" on those aspects of service is denied as moot.  Dkt. 29 at 2.