**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
JONATHAN C. ELFAND and LENORE
ELFAND,

                            Plaintiffs,

                -against-

CITY OF NEW YORK, *et al.*,

                          Defendants.
------------------------------------------------------------------------X

**25 Civ. 7170 (JPC) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

Plaintiffs Jonathan and Lenore Elfand ("Plaintiffs" or the "Elfands") have

filed a letter motion requesting leave to conduct limited discovery in this action

prior to a Rule 26(f) conference. (Dkt. No. 92). The motion is opposed by

Defendants. (Dkt. Nos. 98, 114). For the reasons set forth below, Plaintiffs' motion

is **DENIED**.

## BACKGROUND

Plaintiffs, the owners of the Elfand Organization LLC, which does business

as Empire Cannabis Clubs ("Empire"), commenced this action on August 28, 2025.

(Dkt. No. 1). The Complaint alleges, *inter alia*, that the Elfands and their business

were the subject of a series of warrantless inspections and seizures pursuant to city

and state laws that Plaintiffs contend are facially unconstitutional. (*Id.* ¶¶ 5, 13,

14, 52–61). Plaintiffs have sued the City of New York, the Mayor of New York, the

New York City Sheriff, a New York City Council Member, and the Commissioner of

the New York City Department of Finance (the "City Defendants"); the Governor of

the State of New York, the current and prior Directors of the New York State Office of Cannabis Management, the current and prior Chairs of the Cannabis Control Board, and the Commissioner of the New York State Department of Taxation and Finance (the "State Defendants"); and numerous "John and Jane Doe" individuals. (*Id.* ¶¶ 35–42; *see* Dkt. No. 41).

At the outset of the case, Plaintiffs sought emergency relief in the form of a temporary restraining order and preliminary injunction enjoining certain Defendants from entering their business without warrants, conducting warrantless searches, padlocking their business's premises, and enforcing the laws under which those Defendants engage in such activities. (*See* Dkt. No. 76 at 1). On November 21, 2025, the Honorable John P. Cronan denied Plaintiffs' emergency motions on the ground that Plaintiffs lack standing to assert the rights that were the basis for the claims on which their motions were founded, as those rights belong to their business entity and not to Plaintiffs individually. (*Id.*). Judge Cronan denied Plaintiffs' motion for reconsideration of that ruling on January 8, 2026. (Dkt. No. 88).[1] Plaintiffs appealed Judge Cronan's rulings to the Court of Appeals, and also filed an emergency motion before the Court of Appeals seeking interim relief pending the outcome of their appeal. (*See Elfand v. City of New York*, No. 26-214 (2d Cir.), Dkt. Nos. 1, 16).

On January 28 and January 29, 2026, respectively, the City Defendants and

---

[1] Shortly thereafter, Judge Cronan referred this matter to the undersigned for general pretrial supervision as well as dispositive motions requiring a report and recommendation. (Dkt. No. 89).

the State Defendants submitted letter motions seeking a pre-motion conference in anticipation of filing motions to dismiss the Complaint.  (Dkt. Nos. 93 & 94).  The Court held a pre-motion conference on February 25, 2026.  (*See* Dkt. No. 113 at 1).  At the conference, Plaintiffs stated that, should the Second Circuit deny their emergency motion for interim relief pending appeal, they wish to amend the Complaint prior to Defendants' motions to dismiss.  (*See id.*).  Accordingly, the Court stayed Defendants' deadline to respond to the Complaint until it is known whether Plaintiffs will be filing an amended complaint.  (*Id.* at 2).[2]

Meanwhile, on January 26, 2026, the Elfands filed their letter motion for "leave to conduct limited early discovery."  (Dkt. No. 92 ("Pl. Ltr.")).  The State and City Defendants provided their respective opposition letters to Plaintiffs' request on February 3, 2026 and March 2, 2026.  (Dkt. Nos. 98 ("State Def. Ltr."), 114 ("City Def. Ltr.")).  On March 19, 2026, Plaintiffs filed a reply letter.  (Dkt. No. 121 ("Reply")).

Plaintiffs outline two categories of discovery sought.

First, the Elfands seek identification of the "individual officials responsible for executing, supervising, and approving the challenged enforcement conduct."  (Pl. Ltr. at 1).  Within this, they seek "non-privileged, factual information sufficient to identify individuals," including law enforcement officers, supervisors, government

---

[2] Following the Second Circuit's order denying Plaintiffs' request for emergency relief (*Elfand v. City of New York*, No. 26-214 (2d Cir.), Dkt. No. 39), the Court ordered Plaintiffs to amend their complaint by no later than May 22, 2026 or provide a basis for delaying that filing by no later than April 29, 2026.  (Dkt. No. 122).

officials, and attorneys "who acted as participants in enforcement activity." (*Id.* at 1–2). These requests, at least on their face, are not limited to those individual officers who were personally involved in enforcement activities relating to the Elfands and their business; rather, Plaintiffs appear to be seeking the identities of all individuals who participated in or authorized "the cannabis enforcement practices, policies, or operations challenged in the Complaint." (*Id.* at 1). Based on the Complaint's allegations, Plaintiffs seek to identify up to 110 different "John and Jane Doe" law enforcement agents and attorneys. (*See* Compl. ¶¶ 41–42).

In their reply letter, Plaintiffs state that they seek the "[i]dentities of all Sheriff's Office, NYPD, DTF and OCM agents" present at operations on three specific dates (Reply at 2), but this does not appear to supplant the request in their initial letter motion for the identities of a broader group of officers, agents, inspectors, supervisors, and attorneys. In addition, the reply letter makes clear that Plaintiffs are seeking not just the identities of various individuals, but also documents, including "inspection logs, field notes, evidentiary records, and command records" relating to the three identified operations and "[j]oint operational protocols and standard operating procedures" regarding the broader enforcement scheme Plaintiffs challenge. (Reply at 2–3).

Second, the Elfands seek "discovery sufficient to identify law-enforcement personnel or any governmental agents who raised concerns, objections, or complaints regarding the legality of the cannabis enforcement practices challenged in [their] Complaint." (Pl. Ltr. at 2). The Elfands allege that the identities of these

"whistleblowers" will help to "establish notice, knowledge, and participation by supervisory and approving officials," including supervisors who may be currently unnamed in Plaintiffs' complaint. (*Id.*). Plaintiffs attest that "[w]histleblowers will not be named as defendants." (*Id.* at 3). Additionally, in their reply, the Elfands request information "sufficient to identify" two specific individuals who apparently raised objections, "Furney Canteen and Derrik Shuzenski." (Reply at 3).

As to this category as well, Plaintiffs' request is not limited to learning the identities of individuals. Plaintiffs also seek documents reflecting "any documented institutional response" to Canteen and Shuzenski's objections, as well as, more broadly, "[p]ost-enactment communications among" various city and state offices "regarding operational implementation of the joint enforcement scheme, including any legal concerns raised about the detention of persons during inspections." (*Id.*).

## DISCUSSION

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except [as relevant here] . . . by court order." Fed. R. Civ. P. 26(d)(1). Here, the parties have not conferred pursuant to Rule 26(f), so Plaintiffs can only seek discovery at this early stage of the case with leave of court. *See Strike 3 Holdings, LLC v. Doe*, No. 21 Civ. 8231 (AT) (OTW), 2022 WL 7152180, at *1 (S.D.N.Y. Sept. 27, 2022) ("Generally, a party may not seek discovery prior to the parties' Rule 26(f) conference unless it obtains leave of the Court.").

"The majority of courts in the Second Circuit apply the more flexible 'good cause' standard when evaluating motions for expedit[ed] discovery." *Enneagram*

5

*Personality Types, Inc. v. Kajtezovic*, No. 24 Civ. 6747 (EAW) (CDH), 2025 WL 718977, at *4 (W.D.N.Y. Mar. 6, 2025) (quotation omitted).  This standard "requires the party seeking the discovery to prove that the requests are reasonable under the circumstances."  *N. Atl. Operating Co. v. Evergreen Distributors, LLC*, 293 F.R.D. 363, 367 (E.D.N.Y. 2013) (quotation omitted).  "'Expedited discovery is not the norm.'"  *Grecia v. Brass Lion Ent., Inc.*, No. 25 Civ. 1484 (JHR) (GS), 2025 WL 784912, at *1 (S.D.N.Y. Mar. 12, 2025) (quoting *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 590 B.R. 200, 207 (Bankr. S.D.N.Y. 2018)).

In ruling on a request for early discovery, "[c]ourts may consider 'the burden of responding to the discovery requests and the likelihood that the proffered discovery will eventually take place[.]'"  *Enneagram Personality Types*, 2025 WL 718977, at *4 (quoting *United States v. Erie Cnty., N.Y.*, No. 09 Civ. 849S (WMS), 2010 WL 11578742, at *3 (W.D.N.Y. Mar. 6, 2010)).  "'Courts will also compare "the potential prejudice which will be suffered by the defendant if discovery is permitted, and that which will be experienced by the plaintiff if denied the opportunity for discovery at this stage."'"  *Romero v. Goldman Sachs Bank USA*, No. 25 Civ. 2857 (GHW), 2025 WL 2403415, at *1 (S.D.N.Y. July 17, 2025) (quoting *Doe 1 v. Congregation of the Sacred Hearts of Jesus & Mary*, No. 21 Civ. 6865 (VSB), 2022 WL 2901403, at *1 (S.D.N.Y. July 22, 2022)).  "A variety of factors [ ] guide this inquiry, including . . . the plaintiff's ability to make out a prima facie claim" and "the necessity of the information for the plaintiff's claim[.]"  *Reinhardt v. City of Buffalo*, No. 21 Civ. 206 (GWC), 2021 WL 3174018, at *2 (W.D.N.Y. June 7, 2021).

With these standards in mind, the Court finds that Plaintiffs have not shown good cause for early discovery or that their requests are reasonable under the circumstances, for several reasons.

First, both the City Defendants and the State Defendants anticipate moving to dismiss Plaintiffs' pleading, in its entirety. And Judge Cronan has already held, in his November 26 preliminary injunction ruling, that because Plaintiffs' core Fourth and Fourteenth Amendment claims are "premised on harms to Empire," the Elfands "lack standing" to bring those claims. (Dkt. No. 76 at 20, 22). Although Plaintiffs stated at the February 25, 2026 conference that they intend to add Empire as a plaintiff in this action, it is unclear if and when that can happen, due to ongoing proceedings in bankruptcy court involving Empire. To be sure, Plaintiffs also assert, *inter alia*, claims for false arrest and unlawful deprivation of property under the Takings Clause, which were not addressed in Judge Cronan's preliminary injunction ruling. Based on a review of the parties' relevant pre-motion letters, however, it appears that Defendants at least have colorable arguments to seek dismissal of the rest of Plaintiffs' claims.

Accordingly, and without intimating any view as to the ultimate outcome of Defendants' anticipated motions, which have not yet been briefed, Plaintiffs' ability to make out of a *prima facie* case that can survive past the pleadings stage is in question. As courts have recognized, this circumstance weighs in favor of deferring discovery until resolution of the motions to dismiss, to avoid requiring Defendants to undertake discovery efforts that may ultimately prove wasteful and unnecessary.

7

*See, e.g.*, *HAHA Global, Inc. v. Barclays*, No. 19 Civ. 4749 (VEC) SDA), 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (where a dispositive motion may significantly narrow or eliminate the issues in the case, then "proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on Defendants") (citation omitted).

Second, the breadth of the discovery sought also weighs against allowing early discovery. Although the Elfands claim they "do not seek merits discovery at this stage" and frame their requested discovery as "narrowly tailored" and "sought solely to permit identification and service of the Doe defendants" (Pl. Ltr. at 3), that characterization is not quite accurate. Plaintiffs' request goes well beyond merely identifying individuals and would require Defendants to review and produce a substantial volume of documents that directly relate to the merits of Plaintiffs' claims. For example, the requests for operational protocols, operating procedures, and inter-agency communications regarding the broader enforcement scheme would appear to involve a comprehensive search for memoranda, emails, and other documents spanning multiple years. *See, e.g.*, *SingularDTV, GmbH v. Doe*, 637 F. Supp. 3d 38, 43 (S.D.N.Y. 2022) (denying expedited discovery of, *inter alia*, "internal communications 'concerning any investigation' . . . 'related to any Cyber Incident'"). Similarly, Plaintiffs' requests for all "evidentiary records" and other materials related to the three specific operations identified in Plaintiffs' reply, as well as any "documented institutional response" to the objections allegedly asserted by Furny Canteen and Derrik Shuzenski, plainly go the merits. (*See* Reply at 2–3).

Moreover, even to the extent that Plaintiffs seek the identities of individuals, their requests would impose significant burdens on Defendants given the large number of law enforcement agents, supervisors, attorneys, and potential whistleblowers whose identities are sought and the volume of records that would need to be searched.  For example, the collection and review of material which might identify all government employees who raised "concerns, objections, or complaints" regarding the enforcement scheme, but who will not be added as defendants, would likely prove quite burdensome.  *See Pearson Educ., Inc. v. Doe*, No. 12 Civ. 4786 (BSJ) (KNF), 2012 WL 4832816, at *6 (S.D.N.Y. Oct. 1, 2012) (denying expedited discovery which plaintiffs described as seeking "only documents concerning the identity and location of the owner of the [ ] accounts used in the" offending conduct but which actually sought, *inter alia*, "the identity and location of any user(s) of certain [ ] accounts under any username(s)"); *Attkisson v. Holder*, 113 F. Supp. 3d 156, 164 (D.D.C. 2015) (denying expedited discovery where plaintiffs sought to identify "a broad range of individuals with knowledge not limited to the particular individuals plaintiffs intend[ed] to sue," such that the proposed discovery was "not at all narrowly tailored to discovering the identity of Doe defendants").[3]

Third, these burdens substantially outweigh the potential benefits to

---

[3] It is unclear how many of these "whistleblowers" there might be.  Given the breadth of Plaintiffs' request—for anyone who raised a "concern, objection, or complaint"—this could encompass dozens of employees over the years.  *See Doe 1*, 2022 WL 2901403, at *3 (denying expedited discovery where plaintiffs sought "the identities and locations of any and all living individuals who may have witnessed alleged events that occurred within a six-year period over fifty years ago" as "overly broad and unduly burdensome").

Plaintiffs at this stage. The Court is not persuaded that Plaintiffs would be prejudiced if this discovery is deferred until after the resolution of Defendants' anticipated motions to dismiss. Plaintiffs have not made a sufficient showing that "absent expedited discovery, 'documents will be spoliated or otherwise unavailable to'" them. *Geminatio, Inc. v. Hustad*, No. 25 Civ. 361 (AMN) (TWD), 2025 WL 1220233, at \*8 (N.D.N.Y. Apr. 28, 2025) (quoting *Klym v. Monroe Cnty. Sup. Ct.*, No. 21 Civ. 6488 (JLS) (LGF), 2023 WL 10354316, at \*10 (W.D.N.Y. Dec. 8, 2023), *R&R adopted*, 2024 WL 446031 (W.D.N.Y. Feb. 5, 2024)). While Plaintiffs assert that "government records from specific enforcement operations are subject to routine retention and destruction schedules" (Reply at 2), they provide no evidence for this assertion, or reason to believe that such materials would not be subject to Defendants' document preservation efforts relating to Plaintiffs' suit. *See Sec. & Exch. Comm'n v. O'Rourke*, No. 19 Civ. 4137 (KAM) (PK), 2019 WL 8325092, at \*3 (E.D.N.Y. Aug. 14, 2019) ("It is well-established that parties to litigation have an affirmative obligation to preserve relevant evidence."); *Treppel v. Biovail Corp.*, 249 F.R.D. 111, 118 (S.D.N.Y. 2008) ("'[O]nce a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a "litigation hold" to ensure the preservation of relevant documents.'" (quoting *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003)). In light of the burdens on Defendants to unearth these materials, the Court cannot find that discovery is reasonable or justified at this stage.

Finally, Plaintiffs suggest that discovery is necessary for them to respond to

Defendants' anticipated motions to dismiss. (*See* Reply at 1 ("Plaintiffs seek discovery for one precise purpose: to support their conspiracy and their Monell claim with the factual specificity required to survive Defendants' anticipated motion to dismiss.")). But this, too, is not a sound reason for ordering early discovery. "The Court's function on a motion to dismiss is 'not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient.'" *Bey v. Roc Nation LLC*, No. 24 Civ. 2295 (ALC), 2025 WL 564252, at *2 (S.D.N.Y. Feb. 20, 2025) (quoting *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985)). Consequently, a "Plaintiff is not 'entitled to discovery' to argue that she 'has sufficiently pleaded [her] claims.'" *Wellington v. City of New York*, No. 24 Civ. 8743 (JLR), 2025 WL 2720818, at *2 (S.D.N.Y. Sept. 24, 2025) (quoting *Bey*, 2025 WL 564252, at *2); *see also Bridgewater v. Taylor*, 745 F. Supp. 2d 355, 358 (S.D.N.Y. 2010) ("As a general proposition, a litigant has to state a claim before he or she is entitled to discovery.").

Accordingly, Plaintiffs' motion for early discovery is **DENIED**.

**SO ORDERED.**

DATED:    New York, New York
          April 23, 2026

_____
The Honorable Gary Stein
United States Magistrate Judge

11